| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

UNITED STATES,

                        Plaintiff,        ORDER

          - versus -                           09-CR-292 (JG)

WALTER BROWN,

                        Defendant.

JOHN GLEESON, United States District Judge:

## BACKGROUND

Defendant Walter Brown has filed a motion to correct the judgment of his conviction on the ground that his restitution obligation should be discharged. (ECF No. 419.) The court denied the motion on the basis of the representations made by the government in its response. (ECF No. 423; Order dated May 17, 2012.) Brown subsequently filed a "reply" in support of his denied motion, in which he alerted the court that the government has filed a notice of lien in the Alameda County Recorder's Office in Oakland, California. (ECF No. 424.) Thus, Brown seeks, "[a]t a minimum, . . . an order[] staying the Office of Probation from the execution" of that lien. (*Id.* at 3.)

Pursuant to his plea agreement and prior to the imposition of his sentence, Brown forfeited $27,000 to the government.[1] At sentencing, the court also ordered Brown to pay restitution in the amount of $27,000. As part of the plea agreement, the government agreed to recommend that the Department of Justice ("DOJ") use the forfeited funds to satisfy the

---

[1] I am relying on the parties' submissions to recount these facts. (*See* ECF Nos. 420, 423, 424.) Although the government claims to have attached a copy of the sentencing transcript as Exhibit 1 to its submission, (*see* ECF No. 423 at 1 n.1), no such exhibit has been filed with the court.

restitution order, meaning that Brown would not have to pay any additional money to the government.

## DISCUSSION

Under 18 U.S.C. § 981, the government may seek forfeiture of property involved in a variety of offenses. Nothing prevents the imposition of both a forfeiture order and a restitution order. Although the statute authorizes the Attorney General to transfer forfeited funds "as restoration to any victim of the offense giving rise to the forfeiture," *id.* § 981(e)(6), he is not obligated to so apply the forfeited funds toward restitution; he is permitted to simply retain them, *id.* At the time of Brown's sentencing, the Attorney General had not yet decided whether to apply Brown's forfeited funds toward his restitution obligation, although the U.S. Attorney promised to recommend this course. Indeed, the U.S. Attorney continues to assert that she "inten[ds] to request that the funds forfeited by [Brown] be applied to satisfy his restitution obligation, as soon as possible under Department of Justice procedures." (ECF No. 423 at 2.) The government informs the court, however, that the DOJ procedures mandate a lengthy investigation process that it has not yet completed in this case.

Nonetheless, in spite of not yet having upheld its side of the bargain by recommending to the Attorney General that Brown's forfeiture funds be applied to satisfy his restitution obligation, the government is apparently seeking to execute a lien on Brown's property in the name of the very restitution obligation that the U.S. Attorney's forthcoming recommendation may relieve him of paying. This does not strike the court as fair. If the government's own procedures require it to pursue a lengthy process before it may fulfill its end of the bargain, it should not punish Brown for this delay by executing liens on his property in the meantime.

CONCLUSION

Accordingly, the court hereby enters an immediate stay of the filing or executing of any liens against any of Brown's property for the purpose of satisfying the $27,000 restitution order imposed in this case. In addition, the government is directed to show cause on or before June 13, 2012, why this stay should not remain in place until the Attorney General finally decides whether Brown's forfeited funds will be transferred to satisfy his restitution obligation. The court recognizes that the Attorney General regards his decision of whether or not to apply forfeited funds to restitution as unreviewable by any court. *See United States v. Pescatore*, 637 F.3d 128, 138 (2d Cir. 2011). The question of whether such a decision is in fact reviewable is not raised by the present posture of this case, as the Attorney General has made no such decision; the court is simply directing the government to postpone taking actions against Brown's property to collect restitution that, upon its own recommendation, may not ultimately be owed at all.

So ordered.


John Gleeson, U.S.D.J.


Dated: May 30, 2012
       Brooklyn, New York